*436 The CouRT (CRanch, C. J., contrá,) refused to permit Mr. Kurtz to testify, unless upon oath.
Thruston, J., and Morsell, J., were understood to be of opinion that an affirmation, instead of an oath, cannot be admitted, unless the witness be a member of the society according to its rules — an acknowledged member.
Doctor Litle, a Quaker, being affirmed, stated that Mr. Kurtz was considered as a member of the Society of Friends, in principle and religious profession ; usually met with them for religious worship, and would not be excluded from their meetings for discipline; has applied to be admitted to a full participation of all the civil privileges and the moral discipline of the society; and has no reason to doubt that he will be admitted, no objection having been made. But the subject is pending before the society; and he is not yet considered as a member in regard to civil privileges and moral discipline.
Upon this evidence the Court (nem. con.) permitted Mr. Kurtz to testify upon his solemn affirmation.
Cranch, C. J., was of opinion that the Constitution of Maryland ought to have a liberal construction. That the professed object of the provision was to prevent oppression upon the consciences of men; and that the three cases of Quakers, Tunkers, and Menonists, were rather put by way of example, than as confining the privilege to those sects only, and leaving all other cases of conscience to the severe operation of the law. That every other case of really conscientious scruples was within the meaning of the law; the only question being £ts to the fact of conscientious scruples, or the membership of the witness in relation to his religious scruples; and not in relation to the discipline or civil privileges attached to membership. Bo that a member of a society, in regard to its religious persuasion upon the point of the unlawfulness of oaths, was within the protection of the Constitution, although he should not be a member as to its civil privileges according to the rules of the society, nor subject to its moral discipline.[1]

 By the 33d section of the Declaration of Bights affixed to the Constitution of Maryland, it is declared that “no person ought, by any law, to he molested in his person or estate, on account of his religious persuasion or profession, or for his religious practice, unless under color of religion any man shall disturb the good order, peace, and safety of the State,” &c. Qucere, Is not a law which disqualifies a man to be a witness or juror, or to obtain an attachment, or injunction, or security of the peace, &c. on account of his religious persuasions or profession, in contravention of this section of the Declaration of Bights 1 The 36th section declares, “ That the manner of administering an oath to any person ought to be such as those of the religious persuasion, profession, or denomination, of which such person is one, generally esteem the most *437 effectual confirmation, by the attestation of the Divine Being. And that the people called Quakers, those called Tunkers, and those called Menonists, holding it unlawful to take an oath on any occasion, ought to be allowed to make their solemn affirmation, in the manner that Quakers have been heretofore allowed,” &c. “ and further that on such affirmation, warrants to search for stolen goods, or the apprehension or commitment of offenders, ought to be granted, or security for the peace awarded ; and Quakers, Tunkers, and Menonists ought also, on their solemn affirmation as aforesaid, to be admitted as witnesses in all criminal cases not capital.” See also the Act of 1797, c. 118, “ to alter such parts of the Declaration of Bights, the constitution and form of government, as prevent persons conscientiously scrupulous of taking an oath from being witnesses in all cases; ” which recites, “ Whereas persons conscientiously scrupulous of taking an oath, labor under many and great inconveniences, owing to their not being admitted to make their solemn affirmation as witnesses in all cases, instead of an oath: Therefore it is enacted, &c., that the people called Quakers, those called Hieolites, or Hew Quakers, those called Tunkers, and those called Menonists, holding it unlawful to take an oath on any occasion, shall be allowed to make solemn affirmation as witnesses, in the manner,” &c. which “ shall be of the same avail as an oath to all intents and purposes whatever.” And by the 3d section it is enacted, “ that before any of the persons aforesaid shall be admitted as a witness in any court of justice in this State, the court shall be satisfied by such testimony as they may require that such person is one of those who profess to be conscientiously scrupulous of taking an oath.”